JAMES BOHM
CLERK
12 APR 17 PM 1: 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PAUL CARMACK, Administrator for
the Estate of David Hebert
c/o Laufman & Napolitano, LLC
4310 Hunt Road
Cincinnati, Ohio 45242

   Plaintiff,

v.

ANDREW MITCHELL
c/o City of Cincinnati Police Department
310 Ezzard Charles Drive
Cincinnati, Ohio 45202

   Defendant.

Case No. **1:12 CV 308**

**COMPLAINT** WEBER, J.
(Jury Demand Endorsed Hereon)

## I. PRELIMINARY STATEMENT

1. This civil right case challenges the unjustified killing of David Hebert by Cincinnati Police Officer Andrew Mitchell. David Hebert was walking home with a female companion during the early morning hours of April 18, 2011. He was stopped by officers of the Cincinnati Police Department who were investigating an incident alleged to have occurred between Mr. Hebert and a friend earlier that night. Officers believed that Mr. Hebert was in possession of a knife. Mr. Hebert complied with instructions given by an investigating officer and was shot and killed by defendant police officer Andrew Mitchell. This case claims an excessive use of force by the defendant on the night of the incident. Pendant state law claims allege wrongful death and battery.

## II. JURISDICTION

2. Jurisdiction over § 1983 claims brought under the Civil Rights Act of 1871 is conferred on this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4). State law claims are brought pursuant to this Court's pendant jurisdiction.

## III. PARTIES

3. Plaintiff Paul Carmack was appointed Administrator of the estate of David Hebert by the Probate Division of the Hamilton County Court of Common Pleas under case no. 2011002733. He has qualified and is acting as Administrator of that estate.

4. Defendant Andrew Mitchell ("Defendant Mitchell") was during all relevant times an officer with the Cincinnati Police Department acting under color of law.

## IV. FACTS

5. David Hebert had spent the day of April 17, 2011 socializing with friends in a Cincinnati park. The night ended with Mr. Hebert and a female companion socializing at the home of a friend, Jason Weller. All events occurred within the City of Cincinnati, Ohio.

6. Some type of altercation occurred at Mr. Weller's residence and Mr. Hebert and his female companion left to walk home to her apartment along with Mr. Hebert's dog who was accompanying them that night.

7. Mr. Weller called 911 and claimed that Mr. Hebert had cut him with a knife. Officers of the Cincinnati Police Department responded to Mr. Weller's residence and inquired as to what had occurred.

8. A radio dispatch was issued describing Mr. Hebert and his female companion.

9. Mr. Hebert and his female companion were soon located by Cincinnati Police Officer Brian Kneller a short distance away in front of a residence located at 1833 Chase Avenue.

10. Mr. Hebert was sitting on the sidewalk rolling a cigarette when Officer Kneller arrived. Officer Kneller began to question the two about their destination and where they had come from.

11. Cincinnati Police Officer Lawrence Johnson arrived a short time later and took over questioning Mr. Hebert. He ordered Mr. Hebert to his feet and demanded to know whether Mr. Hebert was in possession of the knife allegedly used to commit the crime they were investigating.

12. Defendant Mitchell arrived on the scene as the ranking officer as Mr. Hebert was receiving commands from Officer Johnson.

13. Mr. Hebert complied with Officer Johnson's request to stand up. Mr. Hebert was highly intoxicated and stumbled to his feet. Mr. Hebert's extreme intoxication and lack of coordination was apparent to the trained officers.

14. Mr. Hebert attempted to comply with Officer Johnson's requests and removed the switchblade-style knife which was in the pocket of his pants. At no time, did Mr. Hebert do anything to cause a reasonable officer to believe that he was a risk of serious physical harm to anyone. Mr. Hebert did nothing more than attempt to comply with Officer Johnson's instructions.

15. Before he could finish complying with Officer Johnson's instructions, Mr. Hebert was shot and killed by Defendant Mitchell.

16. Defendant Mitchell acted intentionally, recklessly, wantonly, and with deliberate indifference to the constitutional rights of Mr. Hebert.

17. Mr. Hebert's death was the direct and proximate result of Defendant Mitchell's actions.

### V. FIRST CAUSE OF ACTION - 42 U.S.C. § 1983

18. Plaintiff incorporates and re-alleges each and every prior and succeeding allegation of this Complaint as if rewritten here fully.

19. Defendant Mitchell, under color of state law, deprived Mr. Hebert of rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the U.S. Constitution, including but not limited to the right to be free from unreasonable seizure, excessive force, and violations of substantive due process. The actions of Defendant Mitchell reflect an arbitrary abuse of government power which shocks the conscience.

### VI. SECOND CAUSE OF ACTION – STATE LAW WRONGFUL DEATH

20. Plaintiff incorporates and re-alleges each and every prior and succeeding allegation of this Complaint as if rewritten here fully.

21. The incident causing the death of Mr. Hebert was proximately caused by the willful and wanton actions of Defendant Mitchell.

22. Mr. Hebert is survived by his adult parents and other next of kin, all of whom are beneficiaries of this action.

23. Mr. Hebert's beneficiaries have suffered the following damages as a result of his death: loss of support from the reasonably expected earning capacity of the decedent, loss of services, loss of society, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education, loss of prospective inheritance to the decedent's heirs at law at the time of his death, mental anguish, and funeral and burial expenses.

### VII. THIRD CLAIM –STATE LAW BATTERY

24. Plaintiff incorporates and re-alleges each and every prior and succeeding allegation of this Complaint as if rewritten here fully.

4

25. Defendant Mitchell intended to cause harm to Mr. Hebert and, in fact, caused substantial physical harm resulting in his death.

### VIII. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

A. Award plaintiff compensatory and punitive damages in an amount to be shown at trial;

B. Award punitive damages against the defendants in an amount to be shown at trial;

C. Award plaintiff reasonable attorney's fees, costs, and disbursements;

D. Grant to plaintiff such additional relief as the Court deems just and proper.

**Respectfully Submitted,**

Paul M. Laufman (0066667)
Gregory A. Napolitano (0068671)
Attorneys for Plaintiff
LAUFMAN & NAPOLITANO, LLC
4310 Hunt Road
Cincinnati, Ohio 45242
(513) 621-4556
(513) 621-5563 (fax)
plaufman@ln-lawfirm.com
gnapolitano@ln-lawfirm.com

### JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable by a jury.

Paul M. Laufman (0066667)
Gregory A. Napolitano (0068671)